MOTION TO DISMISS SUPERVISORY AND REMEDIAL WRIT GRANTED
BARHAM, Justice
(Concurring in Order Dismissing Supervisory and Remedial Writ).
On April 17, 1975, we granted writs in this matter under our supervisory jurisdiction and set the case for argument May 26, 1975. Relator moved in the trial court for pre-trial inspection and expert analysis of (1) shoe mud scrapings; (2) mud from the area of the alleged burglary; (3) plaster or other cast; (4) photographs of prints of the alleged burglar; and (5) samples of all drugs seized as alleged fruits of the drugstore burglary. The State refused to voluntarily accede to the relator’s request, and the trial judge refused to order the State to make the evidence availale to the defense. On application to this Court, we granted supervisory writs on that pre-trial ruling, being of the opinion that the trial judge may have committed error in his ruling.
Although this Court ordinarily will not review interlocutory orders and will not interfere with the orderly procedure of the trial court, when there is palpable error and undue prejudice flowing from that we do so. A principal reason for acting in this criminal matter by granting supervisory writs was to avoid the possibility of finding reversible error after expenditure of money and time for the full trial on the merits. However, following our order granting this writ and assigning the case to our next docket, the State filed amended answers to the defense motion for oyer and inspection and agreed to furnish the defense with all the physical objects requested which the State had in its possession. Thus, defendant was forced to file a motion with this Court for dismissal of the assigned case; the issues presented had be *395 come moot because the State had complied with the relator’s request for examination of physical evidence. The State, by its acquiescence in defendant’s motion for production of physical evidence, mooted the question presented for our determination and we properly dismissed the action pending in this Court.
I concur in this dismissal of the action in order to inform the State, defense counsel, and the courts that this Court intended to expand the rule in State v. Migliore, 261 La. 722, 260 So.2d 682 (1972) when it granted the writ in the instant case. I am of the belief that a majority of this Court now are of the opinion that pre-trial production of physical evidence for examination (under protective court order when necessary) is required. Physical evidence such as fingerprints, handwriting samples, shell casings, bullet slugs and other such evidence, which often requires pre-trial examination in order that the defense may properly present expert testimony as to the quality of that evidence, does not come within the ambit of “discovery”. The holding in State v. Migliore recognized the need for making such evidence available to the defendant before trial so that adequate trial preparation could be had and in order that there would be no delay in the proceedings during the actual trial while the defendant has an independent examination made. The purpose in State v. Migliore and the purpose of the Court in granting this writ was to expedite criminal proceedings without depriving the defendant of the opportunity to properly prepare for trial and present competent and relevant evidence. This concurrence is written for the purpose of alerting those interested so that defendants may be afforded their legal rights without requiring this Court to reverse a conviction after those rights have been violated.
For these reasons I respectfully concur in the dismissal.